## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK IANELLI | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | 19-cv-04964-RAL |
| | : | |
| SERGEANT MICHAEL HARVEY et al | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Mark Ianelli ("Mr. Ianelli") has brought suit against Sergeant Michael Harvey ("Sgt. Harvey") for one count of § 1983 unreasonable use of force, one count of assault and battery, under Pennsylvania law, and one count of trespass.[1] Before me are two Motions *in Limine* filed by Sgt. Harvey in preparation for trial beginning on April 18, 2023. Doc. Nos. 54, 55.[2] I grant both motions.

## FACTUAL AND PROCEDURAL HISTORY

This matter stems from an incident on August 23, 2018, between Mr. Ianelli and Sgt. Harvey. Doc. No. 1, at 16. It is alleged that Mr. Ianelli's dog escaped from his gated backyard. *Id*. At that time, Sgt. Harvey's father was walking his dog, on the public street, when Ianelli's dog approached, began barking, then bit the other dog. *Id*. Sgt. Harvey intervened and took Mr. Ianelli's dog back to the backyard. *Id*. at 4. He then went to Mr. Ianelli's front door. *Id*. A physical altercation ensued between the two men. *Id*. During the altercation, Mr. Ianelli's dog reemerged from the backyard and engaged in the fight, biting both men. *Id*.

---

[1] All other counts and defendants named have been dismissed during pre-trail litigation. *See* Docs. No. 1, 25, 26, 27, 28.

[2] Unless otherwise noted, all references to the electronically docketed record are cited as "Doc. No. ___ at ___."

Mr. Ianelli's complaint brought eleven counts. *Id*. at 6-22. Prior to transferring the matter to magistrate jurisdiction, Judge Diamond dismissed the City of Philadelphia and Richard Ross, Jr. as defendants, and dismissed certain counts against Sgt. Harvey[3] pursuant to Sgt. Harvey's Rule 12(b)(6) Motion. Docs. No. 25, 26. Judge Diamond also granted in part and denied in part Sgt. Harvey's Motion for Summary Judgment (Doc. No. 9). *See* Doc. Nos. 27, 28. Judge Diamond dismissed all remaining counts, but for three. Doc. No. 27, at 1. The remaining counts are Count I: § 1983 excessive use of force; Count VI: assault and battery; and Count IX: trespass. Doc. No. 28. A jury trial is scheduled from April 18 to April 21, 2023. Doc. No. 46, at 2.

## DISCUSSION

Sgt. Harvey has raised two issues in separate Motions *in Limine*. Docs. No. 54, 55. First, Sgt. Harvey moves to preclude evidence of prior misconduct or discipline. Doc. No. 54, at 1. Second, he moves to preclude evidence regarding the District Attorney's Office's decision to not prosecute Mr. Ianelli. Doc. No. 55, at 1.

### A.    Prior Misconduct Is Not Admissible.

In this motion, Sgt. Harvey argues that I should exclude evidence regarding "misconduct, prior off-duty or disciplinary investigations, or prior disciplinary history" of "any police officer" who will be testifying, including Sgt. Harvey. Doc. No. 54, at 1 ("history of any police officer is precluded from introduction or admission at trial"), 3. Sgt. Harvey grounds his argument in "Rule 404(b) as improper propensity evidence, are irrelevant, and are highly prejudicial, especially inasmuch as they would suggest to a jury that the officers should be punished for, or acted in conformity with, other

---

[3] These counts were Count X (Negligence), Count XI (Negligent Infliction of Emotional Distress), and Count V (Punitive Damages). *See* Doc. No. 26.

accusations of misconduct." *Id*. at 1. Mr. Ianelli responded that motion should be dismissed as moot, because, during discovery, Mr. Ianelli was told there are no disciplinary records, and none were turned over. Doc. No. 59, at 3. I grant Defendant's motion regarding any prior alleged misconduct against Sgt. Harvey. I do not make any decision regarding other witnesses because the facts have not been developed.

          *1.     These Prior Acts Would Be Inadmissible 404(B) Evidence.*

Prior bad acts are inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character". FRE 404(b)(1). However, prior bad acts evidence does have limited admissibility: to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FRE 404(b)(2); *see Huddleston v. United States*, 485 U.S. 681, 685 (1988). "Courts routinely refuse to allow [evidence of prior IAU investigations or reports] under Fed.R.Evid. 404(b) as evidence that the defendant officers used excessive force, and refuse to characterize such evidence under Rule 404(b) as evidence of a common plan or modus operandi or of intent." *Smith v. City of Philadelphia*, 2009 WL 3353148, at *5 (E.D. Pa. Oct. 19, 2009) (citing *Thompson v. Mancuso*, 2009 WL 2616713, *3 (E.D.Pa.2009); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1414–15 (2d Cir.1996); *Berkovich v. Hicks*, 922 F.2d 1018, 1022–23 (2d Cir.1991); *Hopson v. Fredericksen*, 961 F.2d 1374, 1379 (8th Cir.1992)). Here, neither Mr. Ianelli nor Sgt. Harvey assert there are any such reports, allegations, or other acts regarding Sgt. Harvey's time as a law enforcement officer. Sgt. Harvey's motion clearly is filed out of an abundance of caution. I shall follow *Smith*'s guidance that evidence of misconduct, should it surface, cannot be admitted at trial. *See* FRE Rule 404(b)(1).

      2.     *The Probative Value of Bad Acts Are Substantially Outweighed by the Risk of Unfair Prejudice.*

Sgt. Harvey also argues that his history with the Philadelphia Police Department is irrelevant as such evidence would not speak to a material fact at issue, it would be unfairly prejudicial, and is not relevant. Doc. No. 54, at 3. Evidence is deemed relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed. R. Evid. ("FRE") 401. "Irrelevant evidence is not admissible." FRE 402. Relevance is a low bar, but even if prior misconduct evidence should be marginally relevant, I conclude that the danger of unfair prejudice would substantially outweigh the evidence's faint probative value. FRE 403. The standard for excessive force focuses on objective reasonableness. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). None of *Graham*'s factors include other evidence of misconduct when determining if there was excessive force. *See id*.

Prior misconduct is typically introduced to help evaluate a party's intent or motive. It is of little or no help in evaluating the objective reasonableness of the officer's conduct. The same holds true when evaluating whether a police officer may make a warrantless entry into private property. *See Commonwealth v. Wagner*, 406 A.2d 1026, 1030 (Pa. 1979) (an officer may proceed with a warrantless entry into a private property if there are exigent circumstances). *Wagner* also provides a list of factors used to determine exigent circumstances; none include prior misconduct. *Id*. at 1031. Prior misconduct evidence would create an obvious risk of unfair prejudice: the jury would be tempted to rule against the defendant because of past indiscretions rather than base its decision on the incident that is the proper focus of the case. I find that the related risks

of unfair prejudice and jury confusion substantially outweigh the evidence's probative value.

For these reasons, any evidence of prior bad acts committed by Sgt. Harvey shall be excluded.

### B.      Results of The Arrest Will Be Excluded.

In his second motion, Sgt. Harvey argues that I "should exclude questioning or evidence of the fact and reason that the district attorney declined to prosecute charges against Plaintiff Mark Ianelli as irrelevant, highly prejudicial, especially inasmuch as they supplant the role of the jury and the defendant in this action had no opportunity to contest them, and as hearsay. This preclusion should include introduction or admission of the declination record created by the district attorney's office." Doc. No. 55, at 3. Mr. Ianelli responds that the evidence is admissible, because Sgt. Harvey "seeks to justify his actions as justified and with probable cause, the outcome of that arrest is relevant to show Defendant's judgment and defenses of his actions." Doc. No. 58, at 3. Plaintiff suggests a jury instruction explaining "that the declination to prosecute is not a decision as to the merits of this action would suffice to deal with Defendants concerns." *Id.*

#### 1.      *The Results of The Criminal Prosecution Are Irrelevant.*

Evidence is deemed relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed. R. Evid. ("FRE") 401. "Irrelevant evidence is not admissible." FRE 402. The Third Circuit has previously determined that "[t]he ultimate dismissal of certain charges against [the plaintiff] is not relevant to whether the defendant officers had probable cause to arrest him in the first place." *Jackson v. City of Pittsburgh*, 492 F. App'x 297, 299 (3d Cir. 2012). Here, probable cause is a requisite

analysis for the jury regarding both the Pennsylvania trespass claim, *see Wagner*, 406 A.2d at 1031, and the unreasonable use of force claims. *See e.g. Graham*, 490 U.S. 386.

Additionally, in Pennsylvania, "[t]he prosecutor enjoys 'tremendous' discretion to wield 'the power to decide whether to initiate formal criminal proceedings, to select those criminal charges which will be filed against the accused, to negotiate plea bargains, to withdraw charges where appropriate, and, ultimately, to prosecute or dismiss charges at trial.'" *Commonwealth v. Cosby*, 252 A.3d 1092, 1134 (Pa. 2021) (quoting *Commonwealth v. Clancy*, 192 A.3d 44, 53 (Pa. 2018)). The decision for the District Attorney's Office to pursue or not pursue criminal charges is not solely limited to whether there is probable cause.

Even if the evidence is marginally relevant, the dangers of unfair prejudice and jury confusion substantially outweigh the evidence's faint probative value. FRE 403.

I grant Sgt. Harvey's motion to exclude testimony regarding the District Attorney's Office's decision to not prosecute Mr. Ianelli. I will also provide a jury instruction communicating that they will not be learning about the results of the arrest, nor can they speculate on what process ensued after the arrest.

**CONCLUSION**

I will grant Defendant's motion to exclude prior misconduct evidence. I will grant

Defendant's motion regarding the District Attorney's Office's decision to not prosecute. I

will instruct the jury that they will not be hearing about the outcome of the arrest and

whether there were criminal charges.

**BY THE COURT:**

*s/Richard A. Lloret*
Honorable Richard A. Lloret
U.S. Magistrate Judge